UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DAVID DIEUJUSTE,

Petitioner,

v.

CHRISTOPHER LaROSE; MARKWAYNE MULLIN; DAVID VENTURELLA; and TODD BLANCHE,

Respondents.

Case No.: 3:26-cv-6321-JES-JLB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner David Dieujuste's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents filed a return to the petition and Petitioner filed a traverse. ECF Nos. 5, 6.

Petitioner is a native of Haiti who came to the United States on October 8, 2024. ECF No. 1 ¶¶ 25-26. He was paroled into the United States at that time on a form of humanitarian parole, noted by his class of admission as "DT."[1] *Id.* ¶¶ 26-27. From that date through November 4, 2026, he alleges that he remained at liberty within the United States,

[1] Customs and Borders Protection ("CBP") uses the code "DT" to indicate that the noncitizen was paroled into the United States through humanitarian parole under 8 § 1182(d)(5). *See* https://www.cbp.gov/sites/default/files/assets/documents/2024-Jan/Humanitarian%20Parole%20Part%201.pdf.

while pursuing immigration relief and obtaining work authorization. *Id.* ¶¶ 28-29. His removal proceedings was terminated on January 21, 2025. *Id.* ¶ 30. On November 4, 2026, Petitioner was detained in Spring Valley, California, and taken to Otay Mesa Detention Center, where he is currently held. *Id.* ¶¶ 31, 33. Petitioner alleges that he was not provided any individualized justification or adequate process before he was detained. *Id.* ¶ 34.

In their return, Respondents acknowledge that Petitioner had previously been released on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5). ECF No. 5 at 2. Respondents further state that they do not oppose the petition and "defer to the Court as to the appropriate relief." *Id.* at 3.

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner states that he was previously released by the government in October 2024. Many courts, including this one, have repeatedly held that a prior grant of release, including humanitarian parole, raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Mohammadi v. Larose*, No. 3:25-CV-3450-JES-BJW, 2025 WL 3731737, at *3 (S.D. Cal. Dec. 26, 2025); *Isoev v. Larose*, No. 26-CV-1361-JES-DDL, 2026 WL 776308 (S.D. Cal. Mar. 19, 2026). Accordingly, the Court adopts its prior reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior release that existed at the time he was re-detained.

//

//

//

//

//

//

//

The Parties are **ORDERED** to file a Joint Status Report by **November 23, 2026**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: November 17, 2026

Honorable James E. Simmons Jr.
United States District Judge